IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

FARHIYO ALI,                                             Civ. No. 3:10-cv-01232-CL

        Plaintiff,
                                                                      ORDER
  v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

_____

CLARKE, Magistrate Judge.

      This case comes before the court on an unopposed motion for attorney fees under 42 U.S.C. § 406(b) in the amount of $7,000, minus Equal Access to Justice (EAJA) fees already awarded, for a total of $5,729.59. Having reviewed the proceedings and the amount of fees sought, the court concludes that Schneider is entitled to the fees requested; therefore the motion is GRANTED.

Page 1 – ORDER

## PROCEDURAL BACKGROUND

On October 8, 2010, Plaintiff filed her claim to obtain judicial review of a final decision of the Commissioner, which denied her application for Title XVI supplemental security income disability benefits under the Social Security Act. On July 31, 2012 this court issued an Order reversing the Commissioner's decision and remanding for an immediate award of benefits. On October 3, 2012 this court granted a stipulated application for plaintiff's attorney fees pursuant to EAJA of $1,270.41. Finally, on May 10, 2013, plaintiff's attorney filed this motion for attorney's fees under 42 U.S.C. § 406(b).

## DISCUSSION

Under 42 U.S.C. § 406(b), a court entering judgment in favor of an SSDI claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009). In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002). Also, in contrast to fees awarded under fee-shifting statutes, under which "nothing prevents the attorney for the prevailing party from gaining additional fees, pursuant to contract, from his own client," id. at 806, the court-awarded fee is the only way a successful SSDI attorney may recover fees for work performed before the district court. Crawford, 586 F.3d at 1147. In fact, it is a criminal offense for an attorney to collect fees in excess of those allowed by the court. Id.; 42 U.S.C. § 406(b)(2); see also Gisbrecht, 535 U.S. at 806–07. Accordingly, when a court approves both an EAJA fee

and a section 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. Gisbrecht, 535 U.S. at 796.

Under the Supreme Court's decision in Gisbrecht, the court first examines the contingency fee agreement to determine whether it is within the statutory twenty-five percent cap. In this case, counsel has submitted the relevant agreement (#46-8), which shows federal court fee agreed upon "shall be the greater of the following: 25% of the past-due benefits resulting from my claim or claims, OR such amount as my attorney is able to obtain pursuant to the Equal Access to Justice Act." Thus, the terms of the agreement are within the statute's limits.

The next step is to confirm that the fee requested by counsel does not exceed the statute's twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to the claimant. Counsel has included a document (#46-6) from the Society Security Administration entitled "Notice of Award," which details the retroactive benefits due, and indicates that amount to be $48,586.[1] The $7,000 fee requested is 14 percent of the indicated award of retroactive benefits; therefore it is within the statutory limit.

An order for an award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. Newton v. Colvin, 3:11-CV-01029-AC, 2013 WL 3119564 (D. Or. June 18, 2013). Counsel bears the burden to establish the reasonableness of the requested fee. Gisbrecht, 535 U.S. at 807. While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases"

---

[1] The Court notes a discrepancy in the Notice of Award, which states that the claimant is eligible for SSI beginning in June 2006, but also states, "The first month we can pay you is July 2001." A review of the document as a whole has satisfied the Court that the second statement is merely a typographical error, and the total Award amount is accurate.

Page 3 – ORDER

may be rejected. Id. at 793, 807. The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. Crawford, 586 F.3d at 1151 (citing Gisbrecht, 535 U.S. at 808). The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit as derived from the Court's analysis in Gisbrecht:

> 1. the character of the representation, specifically, whether the representation was substandard;
> 2. the results the representative achieved;
> 3. any delay attributable to the attorney seeking the fee; and
> 4. whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall.

Crawford, 586 F.3d at 1151–53 (citations omitted). The Ninth Circuit, in Crawford, also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a section 406(b) award. It focused the risk inquiry, however, stating that: "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." 586 F.3d at 1153.

The record in this case provides no basis for a reduction in fee due to the character of counsel's representation, and the results achieved – a remand for payment of benefits – are wholly positive and can only be described as successful.

Per Local Rule 4000-8 in the District of Oregon, "Plaintiff shall submit any application for attorneys' fees under 42 U.S.C. § 406(b) within 60 days after plaintiff's federal court attorney has received all of the Notices of Award which are necessary to calculate the total amount of retroactive benefits payable." In this case, the Notice of Award indicates it was sent to the claimant on October 3, 2012. Counsel filed his application for the requested fee on May 10, 2013, representing a significant delay of over seven months. However, it appears that counsel

was diligent in requesting a copy of the Notice, and that he did not receive a copy from the Social Security field office until March 25, 2013. Thus, his May 10 filing date was timely and appropriate.

A district court may reduce a section 406(b) award if "benefits ... are not in proportion to the time spent on the case." Crawford, 586 F.3d at 1151 (citing Gisbrecht, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is ... in order." Gisbrecht, 535 U.S. at 808. Here, the claimant was granted a substantial award of past-due benefits the result of counsel's work. Claimant is due $48,586 in past-due benefits, and counsel reports he expended seven (7) hours representing the claimant. He currently seeks $7,000, which amount would result in an effective hourly rate of $1,000. Counsel has already adjusted downward the percentage of fees he seeks from those provided for in the valid contingent-fee agreement, from 25 percent to 14 percent. This downward adjustment is sufficient to achieve the requisite proportionality, and the benefits sought for representation in this court are reasonable.

Counsel argues that the court should consider not only the specific risk posed by a particular case, but the general risk undertaken by Social Security practitioners. He cites the low probability of prevailing in a Social Security case as calling for a "multiplier" to be applied to the average fee for a civil attorney. Counsel also points to the unusually favorable result, noting that a remand for benefits is obtained in only 3% of federal court social security cases. He also argues that this result reduced the amount of past due benefits and therefore the amount due under the contingency fee agreement, while increasing the claimant's future benefits proportionally. While the Court agrees that these factors weigh in favor of the reasonableness of

counsel's requested fee, they do not affect the risk in this particular case. The Court finds that the degree of risk was typical and does not weigh for or against a reduced fee award.

## CONCLUSION

Based on the foregoing analysis, the Motion for Attorney Fees (#45) is GRANTED. As such, counsel, James Coon, is awarded $7,000 under section 406(b). Coon shall refund to his client, Farhiyo Ali, the $1,270.41 in EAJA fees previously awarded in this case, for a total award of $5,729.59.

DATED this 21 day of July, 2013.

MARK D. CLARKE
United States Magistrate Judge